## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| THE MCCOURT CONSTRUCTION COMPANY, INC. | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | C.A. No.  26-12779 |
| APTUS GROUP USA, LLC, JEFFREY PINTER, SCOTT DILL, and APTUS UTILITIES LLC, | ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) ) | |

### SCOTT DILL AND JEFFREY PINTER'S NOTICE OF REMOVAL

To:    The Chief Judge and Judges of the United States District Court for the District of Massachusetts

**PLEASE TAKE NOTICE** that, on this date, Defendants Jeffrey Pinter and Scott Dill, have filed this Notice of Removal of this civil action from the Suffolk Superior Court, Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts.  This Notice of removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, in the office of the Clerk of the United States District Court for the District of Massachusetts. As grounds for removal, the Defendants state as follows:

1. Aptus Group USA, LLC ("Aptus Group"), Aptus Utilities, LLC ("Aptus Utilities"), Jeffrey Pinter and Scott Dill are the Defendants in a civil action pending in the Massachusetts Superior Court, Suffolk County, titled *The McCourt Construction Company, Inc. v. Aptus Group USA, LLC, et al.* (the "Pending Action"). The Pending Action commenced on or

about May 20, 2026.  A true and accurate copy of the Docket, Summons, Complaint and Statement of Damages are attached hereto as Exhibit "A".

2. Jeffrey Pinter was purportedly served with a Summons and copy of the Complaint on June 1, 2026, at his residence in North Carolina. All service defenses are preserved.

3. Scott Dill was served with a Summons and copy of the Complaint on June 6, 2026, at his residence in North Carolina. All service defenses are preserved.

4. No returns of service have been filed.

5. Upon information and belief the remaining defendants are unserved.

6. Exhibit "A" constitutes all process, pleadings and orders served on the Defendants in the state court action as of the date of this Notice[1].

7. This civil action is removed on the basis of this Court's diversity jurisdiction.  The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) in that this action involved a controversy that is properly and wholly between citizens of different States.

8. No Defendant is a citizen of the Commonwealth of Massachusetts. *See* U.S.C. §1441(b).

9. The amount in controversy is in excess of $75,000, exclusive of interest and costs.

### **AMOUNT IN CONTROVERSY**

10. This civil action involves a construction dispute which arises out of the workmanship of installing conduit cable at the Essex Bridge construction project in Beverly, Massachusetts. *See* Exhibit "A", Complaint.

11. Plaintiff asserts the Defendants are liable under the theories of breach of contract, M.G.L. c. 93A, declaratory judgment and the corporate veil should be pierced for Mr. Dill and Mr.

---

[1] Although the Complaint references 26 exhibits, no exhibits were filed along with the Complaint in Suffolk Superior Court which was confirmed by the clerk's office.

Pinter and they should be held liable for Aptus Group and Aptus Utilities. *See Id*., at ¶¶ 128-165.

12. In its Complaint, the Plaintiff lists its damages in the amount of $7,657,710.81. *Id*., at ¶¶ 124-127.

13. Considering the nature of the case, the nature of the damages sought in Plaintiff's Complaint, the amount in controversy in this civil action exceeds the $75,000 jurisdictional threshold, exclusive of interests and cost. *See* 28 U.S.C. 1332(a); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) ("the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.").

## **DIVERSITY OF CITIZENSHIP**

14. Plaintiff avers in its Complaint that it is a Massachusetts corporation with a principal place of business located at 60 K Street, South Boston, Suffolk County, Massachusetts. *See* Exhibit "A," Plaintiff's Complaint.

15. Plaintiff avers in its Complaint that Aptus Group is a foreign limited liability company doing business in Massachusetts. According to public record, Aptus Group, prior to its dissolution, maintained a principal place of business at 19125 Peninsula Point Drive, Cornelius, North Carolina. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (when determining citizenship of a corporation, the phrase 'principal place of business' refers to the headquarters from where the corporation's officers and executives direct, control, and coordinate the corporation's activities). *See* Exhibit "B", Aptus Group MA Secretary of State Filing.

16. Plaintiff avers in its Complaint that Aptus Utilities is a North Carolina corporation. Public records confirm that Aptus Utilities is a North Carolina limited liability company doing business in North Carolina with a principal place of business at 11800 Statesville Road, Huntersville, North Carolina. *See* Exhibit "C", Aptus Utilities NC Secretary of State Filing.

17. Mr. Dill is an individual and a resident of Cornelius, North Carolina. *See* Exhibit "D", Mr. Dill's Diversity Disclosure Statement.

18. Mr. Pinter is an individual and resident of Huntersville, North Carolina. *See* Exhibit "E", Mr. Dill's Diversity Disclosure Statement.

19. Diversity of citizenship between the Plaintiff (Massachusetts) and all Defendants (North Carolina), existed at the time this action was commenced by the Plaintiff on May 20, 2026 and continues through the date of filings this Notice of Removal.

## TIMELINESS OF REMOVAL

20. Mr. Pinter and Mr. Dill were purportedly served via mail at their respective residences in North Carolina on June 1, 2026, and June 6, 2026, respectively. *See* Exhibit "A," Summons to Mr. Pinter and Mr. Dill. All services defenses were preserved.

21. Aptus Group and Aptus Utilities remain unserved. *See* 28 U.S.C. 1448.

22. This Notice of Removal was filed within thirty (30) days of receipt by the removing Defendant of a copy of the initial pleadings setting forth the claims for relief upon which this action is based and is therefore timely pursuant to 28 U.S.C. § 1446(b).

23. This Notice of Removal is being filed within one year of commencement of this action by Plaintiff on May 20, 2026. *See* 28 U.S.C. § 1446(c)(1).

24. Venue is proper in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1441(a) because it is the district embracing the state court in which this action as commenced.

25. Pursuant to 28 U.S.C. § 1332, Plaintiff and Defendants are diverse and removal pursuant to 28 U.S.C. § 1441(a) is appropriate.

26. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be served promptly upon Plaintiff, and a certified copy will be filed with the Clerk of the Suffolk Superior Court in the Commonwealth of Massachusetts.

**WHEREFORE**, this Court has jurisdiction pursuant to 28 U.S.C. § 1332, based on the diversity of citizenship between Plaintiff and Defendants, and removal pursuant to 28 U.S.C. §§ 1441(a) and 1446 is appropriate.

Respectfully submitted,

JEFFREY PINTER & SCOTT DILL

By their attorneys,

*/s/ Tara E. Lynch*
Tara E. Lynch, Esq. (BBO# 677831)
Michael C. Grenier, Esq. (BBO# 699130)
Gordon Rees Scully Mansukhani, LLP
28 State Street, Suite 1050
Boston, MA 02109
tlynch@grsm.com
mgrenier@grsm.com

Dated: June 18, 2026

5

## **CERTIFICATE OF SERVICE**

I, Tara E. Lynch, hereby certify that on June 18, 2026, a copy of the foregoing document was filed through the ECF system sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and a copy was electronically mailed to:

Christopher W. Morog, Esq.
Robert T. Ferguson, Jr., Esq.
HINCKLEY, ALLEN & SNYDER, LLP
28 State Street
Boston, MA 02109
cmorog@hinckleyallen.com
rferguson@hinckleyallen.com
***Counsel for The McCourt***
***Construction Company, Inc.***

/s/Tara E. Lynch
Tara E. Lynch

6